GEOFFREY A. HANSEN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Delarosa

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 11-00778-1 RS |
| Plaintiff, | ) DEFENDANT'S SENTENCING MEMORANDUM |
| v. | ) |
| ANGELO MANUEL DELAROSA | ) |
| Defendant. | ) |

**Introduction**

Based on its recent docket, this Court should throw away its bench copy of the federal Sentencing Guidelines. In its stead, the Court should place the DSM-IV. *See, e.g., United States v. Ernest Ortega*, CR 12-00150 RS; *United States v. Sharee Hall*, CR 11-00113 RS.

Mr. Delarosa continues this trend of mental health issues in federal criminal court. This young man has teetered precariously close to the edge of incompetence until finally

receiving medication at Santa Rita jail.[1] Heavily medicated, he was ultimately able to enter a plea.

Recognizing that Mr. Delarosa's mental illness was an important component of his criminal conduct, the parties arrived at a disposition that "agreed that [the defendant] is entitled to receive credit for the time already served in the custody of the California Department of Corrections for the conduct alleged in the instant indictment." *Plea Agreement* at 4:4-6.

The Court will recall the parties' detailed explanation of this specific term at the April 10th plea hearing. As counsel explained, it was understood that this 11(c)(1)(C) plea agreement contemplated a *Sanchez-Rodriguez* downward departure to offset lost opportunity to serve a concurrent sentence. *See generally United States v. Sanchez-Rodriguez*, 161 F.3d 556, 564 (9th Cir. 1998) (en banc) (recognizing district court's discretion to depart downwards for lost opportunity to serve concurrent state and federal time.)

By happy coincidence Mr. Delarosa's plea of guilt followed hard on the heels of the *Hunter* sentencing, where AUSA David Hall and undersigned counsel had negotiated an identical reduction – a disposition that was approved by this Court. *See United States v. Anthony Hunter*, CR 11-00566 RS-1, docket # 21. (reporting sentencing hearing on same date as *Delarosa* plea). The Court will recall that undersigned counsel explained that the parties' intent in the *Delarosa* agreement was the same as that in the *Hunter* disposition sentenced on the same day.

In the *Delarosa* plea agreement, the parties jointly recommended a sentence at the low end of the Guidelines range determined by the Court. *Plea Agreement* at 4:2. The parties calculated an offense level of 8, and estimated a Criminal History Category of VI. This would be 18-24 months. The Office of Probation calculated CH VI, Offense Level 6: 12-18 months. *See PSR* at 5 ¶ 25.

---

[1] *See generally* PSR at 20 ¶ 85.

To its credit, in its sentencing memorandum the government recommends the lower calculation identified by Probation: 12 months. *See Gov't Sentencing Memorandum* at 2:1-8.

The result of a twelve-month guideline sentence, less the *Sanchez-Rodriguez* reduction for the time that Mr. Delarosa served on the parole revocation, will be a "time served" sentence when the defendant appears in Court on June 26, 2012 for sentencing. Mr. Delarosa served roughly 221 days on his state parole revocation for the conduct alleged in the instant federal case. *See PSR* at 10 ¶ 36 (reporting return to parole custody on June 17, 2011); *see also Delarosa Docket* at #2 (initial appearance on January 24, 2012, on federal charge after completing state parole term).

Mr. Delarosa has also served 154 days in federal custody since his initial appearance before Judge Corely on the present federal indictment.

Thus, the custodial time that the defendant has earned, under the 11(c)(1)(C) plea agreement's terms, is:

| | |
|---|---|
| **State Parole Time:** | 221 days |
| **Federal Credit:** | 154 days |
| | _____ |
| **Total Credit:** | 375 days |

By the time he is sentenced by this Court on June 26, 2012, Mr. Delarosa will have therefore served ten days *more* than the twelve month custodial term jointly recommended by Probation, the government, and the defense.

This Court should honor the joint recommendations of the parties, encourage the early disposition of criminal cases through good-faith negotiations, preserve the (c)

agreement urged by the parties, and sentence this mentally-ill young man[2] to a sentence of time-served on June 26, 2012.

**Conclusion**

For the foregoing reasons, this Court should sentence the defendant to a custodial term of, "time served," at the sentencing hearing on June 26, 2012.

Dated: June 15, 2012

                                        Respectfully submitted,

                                        GEOFFREY A. HANSEN
                                        Federal Public Defender
                                        Northern District of California

                                        /s

                                        STEVEN G. KALAR
                                        Assistant Federal Public Defender

---

[2] *See* PSR at 20 ¶¶ 85-86.